IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERJONA VASQUEZ, | ) |
|            Plaintiff, | ) Case No. 15 C 3433 |
| v. | ) Judge Darrah |
| ZARA USA, INC., | ) |
|            Defendant. | ) |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING**

This matter coming before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Settlement") and Notice to the Class between Plaintiff Erona Vasquez ("Plaintiff") and Zara USA, Inc. ("Defendant") collectively (the "Parties").

The Court finds as follows:

I.    That the Settlement was reached by the Parties through arm's-length negotiations. The Court finds that establishment of a $2 million settlement fund with $1.6 million being available for the approximately 715,000 settlement class members to make a claim for up to $100 per transaction and the allocation of making available 20% of the common fund, $400,000, for the payment of attorney's fees to be fair, adequate and reasonable. The Court further finds that the amount of Plaintiff's Award of $5,000 for her services to be reasonable. The Court further finds that the requirement that the costs of notice and costs of administration be paid by Defendant separate of the common fund to be reasonable.

II. That the Parties have presented this Court a plan to provide Notice by Publication to the Settlement Class Members by In-Store, Print, and Online notice, and further providing a dedicated Settlement Website with frequently asked questions of the terms of the Settlement and the various options those Class Members have, including the right for the Class Members to exclude themselves by opting out, filing an objection, or submitting a claim to be reasonable. The Court finds that the notice plan is consistent with Federal Rule of Civil Procedure 23(c)(2)(B).

III. The terms used in this Order reflect the meaning of the terms set forth in the Settlement Agreement.

The Court finds that the proposed settlement is within the range of fairness and reasonableness and therefore meets the requirements for preliminary approval.

Good cause appearing and therefore, **IT IS HEREBY ORDERED**:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies the following Class, for settlement purposes only, defined as:

> All persons to whom Zara USA provided an electronically printed receipt at the point of sale in a transaction occurring inside one of Zara's stores in the United States, from December 17, 2014, to April 27, 2015, which displayed the credit card's first six digits. The class includes debit cards that were used as credit cards without a PIN being used, but excludes debit cards in which a PIN was used.

2. The Court appoints Curtis C. Warner of Warner Law Firm, LLC, as class counsel ("Class Counsel").

3. The Court appoints Erjona Vasquez as the Class Representative.

4. On or before 10 days after the entry of this Order, Defendant shall comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b). On or before 14 days after the entry of this Order, Defendant shall file with the

2

Court proof of compliance of the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

    5.    The Court approves the notices and enters the following order:

a. **In Store Notice:** From the beginning of the business day on **November 23, 2015, to the close of the business day on January 22, 2016**, in-store notice substantially in the form of Exhibit A attached to the Parties' Settlement Agreement, printed to fill a card sized approximately 4 inches x 6 inches shall be securely post in front of every credit card reader used by any point of sales terminal in every Zara store in the United States;

b. **Print Notice:** As soon as practically possible after the entry of the Preliminary Approval Order, Zara will caused to be published the notice, in the form of Exhibit B, attached to the Parties' Settlement Agreement, in People Magazine, which is a publication targeted to Zara's demographic, to be published once. The publication shall be a half-page notice.

c. **Online Notice:** Zara will cause notice to be published 97,000,000 impressions (commonly known as banner ads) online, of which 30,000,000 impressions will be delivered via Facebook, subject to availability of Facebook's advertisement inventory, in the form impressions attached to the Parties' Settlement Agreement as Exhibit C. Facebook requires that any banner ads must contain a picture image. If Facebook's advertisement inventory cannot accommodate the 30,000,000 impressions, Plaintiff shall move for a modification of the Bar Date to sufficiently accommodate the delivery of 30,000,000 impressions on Facebook;

d. On or before **November 23, 2015**, Zara shall cause the Settlement Website as identified in the Settlement agreement at www.SettlementZara.com to be made available on the world wide web to be able to accept the claims of the settlement class members, and shall provide the full class notice, Exhibit D attached to the Parties' Settlement Agreement, FAQs about the settlement and a printable claim form, Exhibit E attached to the Parties' Settlement Agreement, for those class members who do not want to make a claim over the internet.

7. Settlement Class Members who desire to make a claim from the settlement fund must submit their claim electronically via the Settlement Website or via the U.S. mail by **January 22, 2016**.

8. Any Settlement Class Member who desires exclusion from the action must file a request for exclusion with the Clerk of the Court and may if they choose serve copies of the request upon class counsel and counsel for Defendant by **January 22, 2016.**

9. Settlement Class Members who wish to object to the settlement must submit the objection to the Clerk of the Court. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class and include any documentation that supports the objections by **February 19, 2016**. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. Objections will be considered by the Court without the objector appearing at the fairness hearing.

10. A Settlement Class Member who either files a valid claim will be deemed to have standing to object to the Agreement.

11. On or before **February 5, 2016**, Plaintiff may file a memorandum in support of the Settlement prior to the fairness hearing and his petition for attorneys fees..

12. On or before **February 19, 2016**, any objector or attorney representing an objector must file their appearance in this matter

13. A hearing on the fairness and reasonableness of the Settlement and whether final approval shall be given to it and the requests for fees and expenses by class counsel will be held before this Court on March 8, 2016, at 9:30 A.M.

14. Providing that, pending the Fairness Hearing and the Effective Date, Plaintiff, and all members of the Settlement Class, are enjoined from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims against any of the Released Parties unless they first have timely Opt-Out or otherwise exclude themselves.

DATE: 11/12/15

ENTERED: _____
Honorable John W. Darrah
United States District Court Judge