**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERJONA VASQUEZ, | ) | |
| | ) | Case No. 15 C 3433 |
| Plaintiff, | ) | |
| | ) | Judge Darrah |
| v. | ) | |
| | ) | |
| ZARA USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THE MATTER coming before the Court to determine whether the Class Action Settlement Agreement between Plaintiff Erjona Vasquez ("Plaintiff") and Zara USA, Inc., ("Defendant") collectively (the "Parties") should be finally approved. The Court has carefully reviewed the Motion is Support of Final Approval of the Class Action Settlement, and the entire court file and is otherwise fully advised in the premises.

By an Order of Preliminary Approval, Docket No. 38, entered November 12, 2015, the Court preliminarily approved the Parties' proposed settlement, subject to further consideration at the Final Settlement and Fairness Hearing.

In its Preliminary Approval Order, the Court conditionally certified the case to proceed as a class action for settlement purposes only and appointed Plaintiff as representative of the following class:

All persons to whom Zara USA provided an electronically printed receipt at the point of sale in a transaction occurring inside one of Zara's stores in the United States, from December 17, 2014, to April 27, 2015, which displayed the credit card's first six digits. The class includes debit cards that were used as credit cards without a PIN being used, but excludes debit cards in which a PIN was used.

The Court also ordered that, Defendant was to provide notice to the class members by electronic, print and in stores notices.

The Court having held a hearing on the fairness of the proposed settlement after due notice and the opportunity for any objections to the settlement to be heard and the Court fully advised in the premises, the Court finds as follows:

I.      This Court has preliminarily approved a class and affirms its decision of approving the settlement class defined as:

> All persons to whom Zara USA provided an electronically printed receipt at the point of sale in a transaction occurring inside one of Zara's stores in the United States, from December 17, 2014, to April 27, 2015, which displayed the credit card's first six digits. The class includes debit cards that were used as credit cards without a PIN being used, but excludes debit cards in which a PIN was used.

II.     In the preliminary approval order, the Court approved of the Notice and found that the proposed form and content of the Notice of Proposed Settlement and Right to Opt Out satisfied the requirements of Due Process. The Court reaffirms its finding and holds that the best practicable notice was given to the Class Members. The Court finds that Notice of the Settlement has been timely sent in accordance with the terms of the Court's Preliminary Approval Order.

III.    Three Class Members have submitted a notice of opting-out.

IV.     Zero Class Members have filed a timely objection by February 19, 2016, to the Settlement Agreement.

V.      The issues as to liability and remedies in this litigation are substantial grounds of difference of opinion, and that the settlement of this litigation constitutes a final resolution of those issues in a manner that is fair, reasonable and adequate to the Members of the Class.

**IT IS HEREBY ORDERED:**

1.      The settlement between the Defendant and Plaintiff, individually and on behalf of the Class Members defined in the settlement class, is approved as it meets the requirements set forth in Federal Rule of Civil Procedure 23(e) as being fair, reasonable and adequate.

2.      On the "Effective Date" as defined in the Settlement Agreement for good and sufficient consideration, upon receipt of any amount awarded to Plaintiff and the class members by the Court and allowing time for the funds to clear the releases contained in the Agreement shall take effect as follows:

(a).      **Plaintiff.** Plaintiff shall be deemed to have, and by operation of the Final Approval Order for good and sufficient consideration, upon the Effective Date or after the final award of Attorney's Fees, including exhaustion of all appellate rights, whichever is longer, Plaintiff shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally and forever released, relinquished and discharged any and all claims, including unknown claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual, equitable or common law claims, whether known or unknown, whether or not concealed or hidden, against Defendant, as well as its current and/or former insureds, agents, principals, partners, managers, and each of their employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest and any insurers, reinsurers, insureds, agents, principals, partners and joint ventures, and each of their employees, representatives, attorneys, trustees, officers,

directors, shareholders, divisions, heirs, assigns, and predecessor and successors in interest, (collectively "Released Parties") that arose or accrued at any time on or prior to the date the Court grants preliminary approval of the Settlement for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, statutory damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way relating to the publication of cardholder account information on a receipt, including but not limited to printing the cardholder's first six digits of the account number and/or the expiration date upon a receipt provided to the cardholder at the point of sale or transaction, (collectively, "Plaintiff's Released Claims"). Plaintiff represents and warrants that she is the sole and exclusive owner of all claims that she is personally are releasing under this Settlement Agreement. Plaintiff further acknowledges that she has not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds, or value under the Action, and that Plaintiff is not aware of anyone other than herself and fellow Settlement Class Members claiming any interest, in whole or in part, in the Action or in any benefits, proceeds, or values under the Action.

**(b)** **Class Members**. Each member of the Settlement Class releases and discharges the Released Parties of all suits, liability, and claims including claims for the payment of attorney's fees and costs relating to any electronically printed receipt provided to the cardholder at the point of sale or transaction inside any of Zara's stores in the United States which occurred from December 17, 2014, to April 27, 2015, which

displayed the payment card's first six account numbers as asserted in the Lawsuit under the facts alleged in the Lawsuit.

(c)     Plaintiff and the Settlement Class Members, except those three members who have timely opted-out, shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or proceeding, against any Released Party with respect to the Released Claims.

3.     The Court will allow all late claims that were submitted as of March 7, 2016, to which Zara does not object to.

4.     Within fourteen (14) days following the "Funding Date" as defined in the Agreement, Zara shall cause each claimant to receive a check for $96.46 per valid transaction and shall send the checks in the manner provided for in the Agreement.

5.     All checks issued to Class Members shall be void forty-five (45) days after the date of issuance.

6.     All monies from any void check and the amount created by the rounding down to the nearest penny of the claimants' *pro rata* share of the $1.6 million claimant amount will be awarded on a *cy pres* basis to Dress for Success.

7.     The Court hereby awards Plaintiff five thousand dollars ($5,000) as Plaintiff's damages and as an incentive award for Plaintiff's participation in this litigation.  This amount shall be paid in accordance with the terms of the Agreement.

8.     The Court hereby awards Class Counsel a total of four hundred thousand dollars ($400,00) in attorney's fees, which represents 20% of the common fund established in this case.  The Court finds that *Pierce v. Visteon Corp.,* 791 F.3d 782 (7th

Cir. 2015), is not applicable to this contractual Agreement which allowed class members to exclude themselves from being bound by its terms, that the request for attorney's fees equating of a 1:5 ratio in comparison of the amount claimed by the class members plus the attorney's fees is more than reasonable under *Person v. NBTY, Inc.*, 772 F.3d 778, 781 (7th Cir. 2014), and 20% of the $2 million common fund is allowed under *Silverman v. Motorola Solutions*, *Inc.*, 739 F.3d 956 (7th Cir. 2012). This amount shall be paid in accordance with the terms of the Agreement.

9.      This Court retains and will have continuing jurisdiction over the Lawsuit for the purpose of implementing this Order and the Settlement Agreement, which is expressly incorporated into this Order. This Court will be the exclusive venue to resolve any disputes regarding Defendant, Plaintiff and the Class Members with respect to the Releases and the Settlement Agreement, and are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to the enforcement and applicability of this Order and Agreement. This Court will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

10.      Zara shall file an affidavit affirming the *cy pres* distribution within seven (7) days of such distribution.

11.     This case is hereby dismissed without prejudice.  This dismissal will automatically be converted to a dismissal with prejudice and without costs, without further order of the Court, fourteen (14) days after Zara's filing of an affidavit affirming the *cy pres* distribution.

DATE:  3/8/16                         ENTERED: _____
                                                  Honorable John W. Darrah
                                                  United States District Court Judge